IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SPD TECHNOLOGIES, INC., A DIVISION ) <br> OF L-3 COMMUNICATIONS, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION NO. <br><br> COMPLAINT <br> <u>JURY TRIAL DEMAND</u> |

## NATURE OF ACTION

This is an action under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex and to provide appropriate relief due to Joan McLaughlin who was harmed as a result of such unlawful practices. As alleged with greater particularity in paragraphs below, the Commission alleges that SPD Technologies, a Division of L-3 Communications, Inc., paid Ms. McLaughlin, a Senior Buyer, at a wage rate which is less than the rates paid to its male employees performing substantially equal work, and otherwise discriminated against her because of her sex. Despite Ms. McLaughlin's complaints about the pay disparity, she continued to be paid less than male Senior Buyers, some of whom she had trained. As a result of Defendant's discriminatory conduct, Ms. McLaughlin suffered damages, including emotional distress.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d) and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 200e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII and is expressly authorized to bring this action pursuant to Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (984), 98 Stat. 2705 and Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times mentioned herein, Defendant, SPD Technologies, a Division of L-3 Communications, Inc., (the "Employer") has continuously been a Delaware corporation doing business in the Commonwealth of Pennsylvania and the City of Philadelphia and has

2

continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

6. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203 (b),(i) and (j) and has continuously been an enterprise engaged in commerce or in the production of goods from commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose gross volume of sales made or business done is not less than $500,000.00.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Joan McLaughlin filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least December 2001, Defendant Employer has engaged in unlawful employment practices at its Philadelphia, Pennsylvania location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by discriminating against Joan McLaughlin based on her

sex (female). The unlawful employment practices include the following:

(a)   Ms. McLaughlin began working for Defendant Employer as a Purchasing Secretary in 1988. Based on her exemplary work performance, she received several promotions. In June 1990, she was promoted to the position of Assistant Buyer/Secretary. In November 1994, she was promoted to the position of Buyer. On November 1, 1999, she was promoted to her current position of Senior Buyer, Salary Grade 106.

(b)   In September 1999, Ms. McLaughlin attained certifications as an accredited purchasing practitioner (A.P.P.) and certified purchasing manager (C.P.I.M.) from the National Purchasing Association. No other Buyer in the department has achieved these certificates.

(c)   Despite Ms. McLaughlin's qualifications and excellent job performance, Defendant Employer has consistently paid her less than comparable male employees. On March 24, 1999, Defendant Employer hired Allen Presley as a Buyer at a salary of $45,552.00. On November 15, 1999, Defendant Employer promoted Mr. Presley to a position as a Senior Buyer, Salary Grade 106, and increased his salary to $58,080.00. However, when Defendant Employer promoted Ms. McLaughlin to the Senior Buyer position, Salary Grade 106, on October 25, 1999, her salary was only increased from $50,640.00 to $54,960.00. Thus, at the time of these promotions to Senior Buyer, Defendant Employer increased Mr. Presley's salary by $12,528.00, nearly three times the salary increase given Ms. McLaughlin, and paid Mr. Presley $3,210.00 more than it paid Ms. McLaughlin as a Senior Buyer, even though Mr. Presley had only been employed with the company for eight months and Ms. McLaughlin had been employed with the company for over 11 years and had worked as a Buyer for five years.

(d)   Defendant Employer continued to pay Ms. McLaughlin less than it paid Mr.

Presley. On November 15, 2001, Mr. Presley's salary was raised to $63,000.00, while Ms. McLaughlin's salary was only increased to $57,240.00 on October 1, 2001. On November 15, 2002, Mr. Presley's salary was raised to $65,520.00, while Ms. McLaughlin's salary was only increased to $59,640.00 on October 1, 2002. Thus, effective November 15, 2002, Defendant Employer paid Ms. McLaughlin $5,880.00 less than another Senior Buyer because of her sex.

(e) In 2003 and 2004, Defendant Employer hired four male employees as a Senior Buyer, Salary Grade 106, at a higher salary than it paid to Joan McLaughlin. Defendant Employer hired Jay Karp on April 7, 2003, at a salary of $65,040. Defendant Employer hired Theodore Schallenhammer on August 11, 2003, at a salary of $62,040. Defendant Employer hired Robert McNulty on October 22, 2003, at a salary of $65,040. Defendant Employer hired Andrew Long on February 6, 2004, at a salary of $65,040.00. In addition, on February 1, 2003, Defendant Employer transferred Farooq Malik from the position of Purchasing Manager to Senior Buyer and paid him $78,600.00 to work as a Senior Buyer, Salary Grade 106. Defendant Employer paid Ms. McLaughlin significantly less wages as a Senior Buyer, Salary Grade 106, than it paid male Senior Buyers, Salary Grade 106, even though she had more experience, performed comparable duties, and often was asked to train the newly-hired Senior Buyers.

(f) Ms. McLaughlin complained about the pay disparity, but Defendant Employer did not raise her salary so that she would make the same salary as male employees in the same salary grade. On one occasion when she complained that she would not receive a salary increase due to an unfair performance review, the Purchasing Manager, Stuart Frey, told her that the raise "would not have been that big" and that he was sure that Ms. McLaughlin's income "merely supplements [her] husband's."

10. The effect of the practices complained of in paragraphs 9(a) through (f) above has been to deprive Joan McLaughlin of equal employment opportunities and otherwise affect adversely her status as an employee because of her sex.

11. The unlawful employment practices complained of in paragraphs 9(a) through (f) above were intentional.

12. As a direct and proximate result of the acts complained of in paragraphs 9(a) through (f) above, Joan McLaughlin has suffered emotional distress, humiliation, anxiety, loss of confidence and esteem, and loss of enjoyment of life's pleasures.

13. The unlawful employment practices complained of in paragraphs 9(a) through (f) above were done with malice or with reckless indifference to the federally protected rights of Joan McLaughlin.

14. Since at least December 13, 2001, Defendant Employer has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 (d)(1) and 215(a)(2), by paying wages to Joan McLaughlin as a Senior Buyer, Salary Grade 106, at a rate less than the rate paid to male employees in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

15. As a result of the acts complained of above, Defendant Employer unlawfully has withheld and is continuing to withhold payment of wages due to Joan McLaughlin.

16. The unlawful employment practices complained of in paragraph 13 above were and are willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against employees in the terms and conditions of employment based on sex, and any other employment practice which discriminates on the basis of sex.

B.      Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

C.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant Employer to make whole Joan McLaughlin, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.      Order Defendant Employer to make whole Joan McLaughlin, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9(a) through (f) above, in amounts to be determined at trial.

F.      Order Defendant Employer to make whole Joan McLaughlin by providing

compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 9(a) through (f) above, including, but not limited to emotional pain and suffering, humiliation, anxiety, inconvenience, loss of confidence and esteem, and loss of enjoyment of life's pleasures, in amounts to be determined at trial.

  D. Order Defendant Employer to pay Joan McLaughlin punitive damages for its malicious and reckless conduct described in paragraphs 9(a) through (f) above, in an amount to be determined at trial.

  E. Grant a judgment requiring Defendant Employer to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Joan McLaughlin whose wages are being unlawfully withheld as a result of the acts complained above.

  F. Order Defendant Employer to make whole Joan McLaughlin, whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgement interest in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary proper in the public interest.

  J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>
> Respectfully submitted,
>
> ERIC S. DREIBAND
> General Counsel
>
> JAMES L. LEE
> Deputy General Counsel
>
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
> U.S. EQUAL EMPLOYMENT
> OPPORTUNITY COMMISSION
> 1801 L Street, NW
> Washington DC 20507
>
> *[signature]*
> JACQUELINE H. MCNAIR
> Regional Attorney
>
> *[signature]*
> JUDITH A. O'BOYLE
> Supervisory Trial Attorney
>
> *[signature]*
> MARY M. TIERNAN
> Acting Supervisory Trial Attorney
>
> EQUAL EMPLOYMENT
> OPPORTUNITY COMMISSION
> Philadelphia District Office
> 21 South 5th Street, Suite 400
> Philadelphia, PA 19106
> (215) 440-2686 (direct dial)
> (215) 440-2848 (FAX)